1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

RICHARD SCHOENFELDER,

CASE NO. 14cv1275-WQH-NLS

12

Plaintiff,

**ORDER**

vs.

13
14
15
16

CORRECTIONS CORPORATION OF AMERICA; CCA OF TENNESSEE, LLC; SAN DIEGO CORRECTIONAL; FRED LAWRENCE; and DOES 1 through 20, Inclusive,

17

Defendants.

18

HAYES, Judge:

19
20

The matter before the Court is the Motion to Remand filed by Plaintiff Richard Shoenfelder.  (ECF No. 11).

21

**I.  Background**

22
23
24
25
26
27
28

On February 21, 2014, Plaintiff Richard Shoenfelder commenced this action by filing a Complaint in the Superior Court of California, County of San Diego (ECF No. 1-1).  On April 16, 2014, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative pleading.  (ECF No. 1-1).  The FAC asserts the following claims for relief: (1) wrongful termination in violation of public policy against Defendants Corrections Corporation of America ("CCA") and CCA of Tennessee, LLC ("CCA Tennessee") (collectively, the "CCA Defendants"); (2) intentional infliction of

1  emotional distress ("IIED") against Defendant Fred Lawrence; (3) harassment in
2  violation of the Fair Employment and Housing Act ("FEHA") against Lawrence; (4)
3  retaliation in violation of FEHA angainst all Defendants; (5) termination in violation
4  of FEHA against all Defendants; and (6) violation of California Labor Code § 970
5  against all Defendants.  The Complaint alleges that Plaintiff "is, and at all times relevant
6  hereto, was a resident of the State of California, County of San Diego."  (ECF No. 1-1
7  at 7).  The Complaint alleges that the CCA Defendants have their principal place of
8  business in Tennessee, San Diego Correctional has its principal place of business in San
9  Diego County, and Lawrence is a resident of San Diego County.  *Id.*  Defendant CCA
10  was served with the FAC on April 22, 2014.  (ECF No. 1-1 at 63).

11      On May 22, 2014, the CCA Defendants removed the  action to this Court
12  pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 on the basis of diversity of
13  citizenship.  (ECF No. 1).  The Notice of Removal states that CCA is a Maryland
14  corporation with its principal place of business in the State of Tennessee and that CCA
15  Tennessee is a Tennessee corporation with a principal place of business in Nashville,
16  Tennessee.  *Id.* at 5-6.  The Notice of Removal asserts that Defendant Lawrence "is an
17  improperly named sham defendant and may be properly ignored for purposes of
18  diversity jurisdiction."  *Id.*

19      On June 17, 2014, Plaintiff filed a Motion to Remand to state court on the basis
20  of a lack of diversity jurisdiction.  (ECF No. 6).  On July 7, 2014, the CCA Defendants
21  and Defendant Lawrence filed an opposition.  (ECF No. 14).  On July 14, 2014,
22  Plaintiff filed a reply.  (ECF No. 23).

23  **III.  Discussion**

24      28 U.S.C. section 1332 authorizes district courts to exercise original jurisdiction
25  in cases in which the amount in controversy exceeds the sum or value of $75,000.00
26  and the parties are citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction
27  requires complete diversity, meaning every plaintiff must be diverse from every
28  defendant.  *Id.*  Pursuant to the removal statute, "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

Plaintiff contends that no diversity jurisdiction exists because Defendant Lawrence, a resident of California, is not a "sham defendant."  (ECF No. 6-1 at 2).  Plaintiff contends that the FAC adequately alleges IIED and FEHA harassment claims (Second and Third Claims) against Defendant Lawrence by alleging "repeated derogatory comments about Plaintiff's age" and allegations that Defendant Lawrence "forced Plaintiff to touch his protruding hernia."  (ECF No. 6-1 at 4).  Defendants contend that "Plaintiff's allegations against Defendant Lawrence, Plaintiff's supervisor, fail to allege conduct that satisfies the strict, severe and pervasive threshold to set forth an actionable harassment claim under the FEHA or facts to support an IIED claim."  (ECF No. 8 at 2).  Specifically, Defendants contend that the FAC fails to allege how frequently Defendant Lawrence "harassed" Plaintiff about his age, and that "occasional, isolated, sporadic, or trivial" conduct does not suffice to state a claim for harassment.  *Id.* at 4-6.  Defendants contend that the alleged comments, while "arguably offensive," do not "rise to the level of outrageous conduct.  *Id.* at 9.  Defendants also contend that Plaintiff's claims for retaliation and termination in violation of the FEHA (Fourth and Fifth Claims) "cannot be brought against an individual like Lawrence as a matter of law."  *Id.* at 3.

### A.  "Fraudulent" or "Sham" Joinder

Joinder of a nondiverse defendant for the sole purpose of depriving the federal

courts of jurisdiction is deemed fraudulent.  *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).  First, a defendant's presence will be ignored for the purposes of diversity pursuant to the doctrine of fraudulent joinder only if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).  In other words, the "removing party bears the burden of proving that the plaintiff failed to state a cause of action against the non-diverse defendant who would otherwise destroy diversity," and that "the failure is obvious according to settled law of the state."  *Id.*

### B. Allegations of the FAC

Plaintiff was hired by CCA as an assistant warden for San Diego Correctional Facility in December 2008.  Defendant Lawrence was "Plaintiff's supervisor at all times relevant in this complaint."  (ECF No. 1-1 at 7).  Defendant Lawrence "was not a pleasant person to work for."  *Id.* at 8.  Defendant Lawrence "repeatedly harassed Plaintiff about his age (Plaintiff is in his 50s), including making comments about Plaintiff needing Viagra and Geritol, and made fun of his hearing loss."  *Id.* at 9.  "In a bizarre display, Lawrence repeatedly lifted his shirt and forced Plaintiff to touch his protruding hernia."  *Id.* at 9.

When the CCA began to investigate Defendant Lawrence in connection with an arrest for a DUI, "Plaintiff fully cooperated with the investigation and expressed some of his concerns about Lawrence's behavior including widespread and persistent rumors of an improper relationship between Lawrence and a guard at the facility which was having a very detrimental effect on morale at the facility."  *Id.* at 11.  When Defendant Lawrence returned from leave, "Lawrence got in Plaintiff's face while making threatening gestures, swore at him, fired him and ordered him to leave the facility immediately."  *Id.* at 11.

"Plaintiff returned to work the next week despite his concerns that his career at CCA was finished."  *Id.* at 12.  "Lawrence began to increasingly overrule Plaintiff on

1   personnel issues and otherwise marginalize him." *Id.* "In September 2012, Lawrence

2   accused Plaintiff of stealing his personal cell phone.  Of course, Plaintiff did not take

3   the phone and Lawrence later found it." *Id.*  "In April 2013, Plaintiff was terminated

4   by CCA allegedly as a result of violating various CCA policies." *Id.*

5   **C. Ruling of the Court**

6   "To prevail on a hostile work environment claim under California's FEHA, an

7   employee must show that the harassing conduct was 'severe enough or sufficiently

8   pervasive to alter the conditions of employment and create a work environment that

9   qualifies as hostile or abusive to employees because of [membership in a protected

10  class].'" *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009).  "[A]n employee seeking to

11  prove sexual harassment based on no more than a few isolated incidents of harassing

12  conduct must show that the conduct was 'severe in the extreme.'" *Id.*

13  Plaintiff has alleged harassing conduct by Defendant Lawrence.  It is not

14  "obvious" that Plaintiff has not stated a FEHA harassment claim against Defendant

15  Lawrence, his work supervisor, for "repeatedly harass[ing] Plaintiff about his age

16  (Plaintiff is in his 50s), including making comments about Plaintiff needing Viagra and

17  Geritol, and [making] fun of his hearing loss" and "repeatedly lift[ing] his shirt and

18  forc[ing] Plaintiff to touch his protruding hernia." (ECF No. 1-1 at 9).  Even if the FAC

19  failed to allege sufficient facts to demonstrate that Defendant Lawrence's conduct was

20  "severe" or "pervasive," Defendants have failed to establish that Plaintiff would be

21  unable to amend the FAC to allege more facts to show that Defendant's Lawrence's

22  conduct rose to that level.  *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159-60

23  (C.D. Cal. 2009) (granting motion to remand because the defendants "have not

24  established that Plaintiff could not amend her pleadings and ultimately recover against

25  [the allegedly sham defendant] for harassment under FEHA," where the defendants

26  argued that the plaintiff "cannot maintain a claim for harassment.... based on the

27  asserted 'facts' alone").

28  Defendants have not met their burden to overcome the "strong presumption

- 5 -

1  against removal." *Gaus*, 980 F.2d at 566.  The Court concludes that it lacks subject

2  matter jurisdiction over this case for lack of diversity.

3  **IV.  Conclusion**

4        IT IS HEREBY ORDERED that the Motion for Remand is GRANTED.  (ECF

5  No. 6).  Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to San Diego

6  County Superior Court, where it was originally filed and assigned case number 37-

7  2014-00003934-CU-WT-CTL.

8  DATED:  August 28, 2014

9

10  **WILLIAM Q. HAYES**
   United States District Judge